COPY

9265289

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

G-13-MJ-40

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:13cr55-23 TH |
| Luis Guerrero | ) | |
| Brazoria County Jail | ) | |
| | ) | |
| | ) | |
| Defendant | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   LUIS GUERRERO                                                                 ,
who is accused of an offense or violation based on the following document filed with the court:

SEALED
☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21 USC 846 and 841(a)(1)  Conspiracy to possess with intent to distribute marijuana

Date: 6/21/13

*Issuing officer's signature*

City and state: Beaumont, TX

David J. Maland, Clerk of Court
*Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . | |
| Date: _____ | _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

G-13-MJ-40

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:13CR55 |
| v. | § | Judge Thad Heartfield |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | § | |

**FILED**
M. _____ 20 13
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

**Superseding Indictment – Page 1**



LUIS GUERRERO, (23)

§
§
§
§
§
§
§
§
§

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One
Violation: 21 U.S.C. § 841(a)(1)
(Conspiracy to Possess with the Intent to Distribute a Controlled Substance (Cocaine HCL)).

That from on or about sometime in the late 2000's, the exact date being unknown to the Grand Jury, and continuing thereafter until June 18, 2013, in the Eastern District of Texas and elsewhere,



defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute five (5) kilograms or more of a Schedule II controlled substance,

namely, a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

**Count Two**
Violation: 21 U.S.C. § 841(a)(1)
(Conspiracy to Possess with the Intent to Distribute a Controlled Substance (Marijuana)).

That from on or about sometime in the late 2000's, the exact date being unknown to the Grand Jury, and continuing thereafter until June 18, 2013, in the Eastern District of Texas and elsewhere, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



▓▓▓▓▓▓▓▓, Luis Guerrero, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute one thousand (1,000) kilograms or more of Schedule I controlled substance, namely, a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

### Count Three

Violation: 21 U.S.C. § 841(a)(1)
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
(Methamphetamine)).

That from on or about sometime in the late 2000's, the exact date being unknown to the Grand Jury, and continuing thereafter until June 18, 2013, in the Eastern District of Texas and elsewhere, ███████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute five hundred (500) grams or more of a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853 and 881

Upon conviction of the controlled substance offenses alleged in Counts One, Two and Three of this superseding indictment, ███████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████



███████████ Luis Guerrero, ███████████ defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

1. A sum of money equal to ten million, six hundred seventy thousand dollars ($10,670,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with the intent to distribute five (5) kilograms or more of a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of cocaine, for which the defendants are jointly and severally liable.

2. A sum of money equal to twenty-three million, six hundred twenty-eight thousand, eight hundred dollars ($23,628,800) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Two, conspiracy to distribute and to possess with the intent to distribute one thousand (1,000) kilograms or more of Schedule I controlled substance, namely, a mixture or substance containing a detectable amount of marijuana, for which the defendants are jointly and severally liable.

3. A sum of money equal to one hundred ninety-eight thousand dollars ($198,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Three, conspiracy to distribute and to possess with the intent to distribute five hundred (500) grams or more of a Schedule II controlled substance, namely, a mixture or substance containing a detectable amount of methamphetamine, for which the defendants are jointly and severally liable.

## AUTOMOBILES

1. A Chevrolet Tahoe, grey in color, bearing ███ and vin number ███ which is registered to ███

2. A Chevrolet Truck, white in color, bearing ███ and vin number ███ which is registered to ███

3. A 2004 Ford Truck, white in color, bearing ███ and vin number ███ which is registered to ███

4. A 2003 Chevrolet coupe, black in color, bearing ███ and vin number ███ which is registered to ███

5. A 2007 Cadillac SUV, black in color, bearing ███ and vin number ███ which is registered to ███

6. A 2007 Acura, gray in color, bearing ███ vin number ███ which is registered to ███

7. A 2005 Ford Truck, grey in color, bearing ███ and vin number ███ which is registered to ███ cancelled on March 1, 2013)

8. A 1998 cargo trailer, white in color, bearing ███, and is registered to ███

9. A 2004 Ford Truck, brown in color, bearing ███ and vin number ███ which is registered to ███ was cancelled on April 18, 2013).

10. A 2009 GMC Truck, maroon in color, bearing ███ and vin number ███ which is registered to ███

11. A 2012 Chevrolet four door automobile, blue in color, bearing ███████ and vin number ███████ which is registered to ███████

12. A 2003 Toyota four door automobile, black in color, bearing ███████ and vin number ███████ which is registered to ███████

13. A 2001 Chevrolet SUV, blue in color, bearing ███████ and vin number ███████ which is registered to ███████

14. 2009 Lincoln four door automobile, white in color, bearing ███████ and vin number ███████ which is registered to ███████

15. A 2002 BMW four door automobile, white in color, bearing ███████ and vin number ███████ which is registered to ███████

16. 2006 Ford Truck, white in color, bearing ███████ and vin number ███████ which is registered to ███████

17. 2003 Ford SUV, white in color, bearing ███████ and vin number ███████ which is registered to ███████

18. 2005 Chevrolet Truck, brown in color, bearing ███████ and vin number ███████, which is registered to ███████ cancelled on November 2, 2012)

19. 1998 Freightliner Truck, white in color, bearing ███████ and vin number ███████ which is registered to ███████

20. 2007 Chevrolet Truck, blue in color, bearing ███████ and vin number ███████ which is Registered To ███████

## REAL PROPERTY

1. ▮▮▮▮▮▮▮▮▮▮▮▮ Described as .498 acre of land, being part of block 30 of the subdivision of the ▮▮▮▮▮▮▮▮▮▮ abstract No. 366 ▮▮▮▮▮▮ Texas and also being part of that certain 55 acre tract described in volume 108, page 124, deed records of ▮▮▮▮▮▮▮▮▮▮

2. ▮▮▮▮▮▮▮▮▮▮▮▮ Described as lot 52, block 1, ▮▮▮▮▮▮, Texas.

3. ▮▮▮▮▮▮▮▮▮▮▮▮ Described as 1.00 acre of land out of a 2.89 acre tract as described in document number 2007-004427, official records of real property, ▮▮▮▮▮▮▮▮ being out of lot 15 of the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ section 22, abstract 477, ▮▮▮▮▮ ▮▮▮ Texas.

4. ▮▮▮▮▮▮▮▮▮▮▮▮ Described as 1.073 acres, ▮▮▮▮ ▮▮▮▮▮ Tract 30A2, ▮▮▮▮▮▮ Texas.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 881.

          A TRUE BILL

          _____
          GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

*Baylor Wortham*           June 20, 2013
BAYLOR WORTHAM           Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | No. 1:13CR55 |
| v. | § | Judge Thad Heartfield |
| [REDACTED] | § | |

Superseding Indictment – Page 10

LUIS GUERRERO, (23) §
 §
§
§
§
§
and §
§
§

## NOTICE OF PENALTY

### Count One

Violation:          21 U.S.C. §§ 841(b) and 846

Penalty:          (Cocaine Hydrochloride)
If 5 kilograms or more of cocaine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 500 grams or more, but less than 5 kilograms of cocaine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 500 grams of cocaine - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment:    $ 100.00

### Count Two

Violation:          21 U.S.C. §§ 841(b) and 846

Penalty:          (Marijuana)
If 1,000 kilograms or more of marijuana - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 100 kilograms or more, but less than 1,000 kilograms of marijuana - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both,

and supervised release of at least 4 years, but not more than life;

If 50 kilograms or more, but less than 100 kilograms of marijuana - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

If less than 50 kilograms of marijuana - not more than 5 years imprisonment, a fine not to exceed $250,000, or both, and supervised release of at least 2 years, but not more than life.

Special Assessment: $ 100.00

### Count Three

Violation: 21 U.S.C. §§ 841(b) and 846

Penalty: (Methamphetamine)
If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million, or both - supervised release of at least 5 years, but not more than life;

If 50 grams or more, but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment: $ 100.00